DIEZ DE ANDINO, SÍNDICO, RECURRENTE, v. EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad Interino de San Juan, Sección Primera, denegando la inscripción de una escritura de adjudicación de terreno

No. 320.—Resuelto en junio 29, 1917.

NULIDAD DE ESCRITURA—CONOCIMIENTO DE LOS OTORGANTES—INSCRIPCIÓN DE TÍTULOS.—Cuando del documento presentado al registrador para su inscripción no resulta el conocimiento de los otorgantes por el notario que lo autoriza, esa omisión infringe la sección 16 de la ley de 8 de marzo de 1906 para regular el ejercicio de la profesión notarial en Puerto Rico y cuya infracción vicia de nulidad el documento según la sección 20 de la propia ley.

SOCIEDADES MERCANTILES—DISOLUCIÓN Y LIQUIDACIÓN—ADJUDICACIÓN DE TERRENOS A UN SOCIO—ESCRITURA AMBIGUA.—Es ambigua una escritura de adjudicación de terreno a un socio en la disolución y liquidación de la sociedad en que sólo consta la frase de que el socio "se hace cargo de los terrenos,"

pues esto no revela que le hayan sido adjudicados en pago de su haber en la sociedad de que formaba parte. Los notarios están en el deber de expresar de modo claro la verdadera intención de los otorgantes.

ID.—ID.—CONSENTIMIENTO DE LA ESPÓSA—SOCIEDAD DE GANANCIALES.—No es necesario que en la escritura de adjudicación de terrenos a un socio en la disolución y liquidación de la sociedad, comparezcan a prestar su consentimiento las esposas de los otorgantes, pues los artículos 159 y 1328 del Código Civil revisado se refieren sólo a los bienes inmuebles de la sociedad conyugal o de gananciales constituídas por los socios con sus respectivas consortes.

ID.—ID.—IDENTIFICACIÓN DE LOS TERRENOS—DEFECTO SUBSANABLE.—Es un defecto subsanable en este recurso el no haberse justificado en forma auténtica que los terrenos a que se refiere la escritura de disolución y liquidación de la mercantil de que se trata sean los mismos que describe el síndico en el escrito presentado al registrador solicitando la inscripción.

Los hechos están expresados en la opinión.

El recurrente no compareció.

El registrador interino recurrido, Sr. Manuel Paz Urdaz, compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Juan Diez de Andino, en su carácter de síndico de la mercantil en liquidación "Gandía & Stubbe," nombrado tal por orden que dictó la Corte de Distrito de San Juan, Sección Segunda, el 10 de mayo del corriente año, presentó escrito en 25 de mayo citado al Registrador de la Propiedad de San Juan, Sección Primera, solicitando fueran inscritos en el registro ciertos terrenos denominados "Tras Miramar," consistentes en dos solares que describe, y que fueron adjudicados al socio Johann D. Stubbe en escritura de 24 de julio de 1916 sobre disolución y liquidación de la mercantil citada.

En dicha escritura otorgada por Johann D. Stubbe y Pedro Gandía Córdova, ambos casados, sin que el notario autorizante dé fe de su conocimiento, convinieron ambos en la disolución de la sociedad mercantil "Gandía & Stubbe" y al efecto formaron un inventario o balance general de la misma en que figuran los "terrenos Tras Miramar," sin descripción de los mismos, de los cuales entre otros bienes que forman parte del activo y de acuerdo con el plan convenido para la

disolución de la mercantil *se hizo cargo el socio Johann D. Stubbe.*

El registrador denegó la inscripción solicitada por medio de nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento, con vista de un escrito de Don Juan Diez de Andino como Síndico para la liquidación de la sociedad de referencia, y de una certificación judicial acreditando ese nombramiento, por los motivos siguientes: 1º. Que en esta escritura no resulta el conocimiento de los otorgantes por el notario que la autoriza. 2º. Que no concurren a prestar su consentimiento para los actos contenidos en la escritura las esposas de dichos otorgantes. 3º. Que existe ambigüedad en la redacción del documento, puesto que no resulta claramente la adjudicación de los bienes, y sí sólo la expresión de que 'el Señor Stubbe se hace cargo de la siguiente parte del activo': y tomada en su lugar anotación preventiva por el término legal a los folios 82 y 153, tomos 5º. Santurce Sud, y 67 San Juan, fincas números 176 y 2809, anotaciones letras A., en las que se ha consignado además el defecto subsanable de no resultar de documento auténtico la determinación y descripción de los terrenos Trasmiramar a los cuales hace referencia la escritura. San Juan, P. R., 5 de junio de 1917. El Registrador sustituto: (firmado) Manuel Paz Urdaz."

No habiendo recogido el interesado los documentos dentro del segundo día después de habérsele notificado la nota transcrita, el registrador los elevó a esta Corte Suprema a los efectos que determina la sección 2ª. de la ley de 1º. de marzo de 1902 sobre recursos contra las resoluciones de los registradores de la propiedad.

No ha comparecido la parte agraviada ni abogado alguno en su representación a sostener el recurso mediante impugnación de la nota recurrida y desde luego censuramos tal práctica; pero a la luz de los preceptos legales aplicables al caso estimamos procedente la negativa de inscripción, aceptando todos los fundamentos en que descansa, menos el segundo.

No resulta del documento el conocimiento de los otorgantes por el notario que lo autoriza y con esa omisión se ha infringido la sección 16 de la ley de 8 de marzo de 1906 para

regular el ejercicio de la profesión notarial en Puerto Rico, cuya infracción vicia de nulidad el documento según la sección 20 de la propia ley.

La ambigüedad en la redacción del documento es manifiesta, pues la frase de que *Johann B. Stubbe se hace cargo de los terrenos Tras Miramar* no revela que le hayan sido adjudicados en pago de su haber en la sociedad Gandía & Stubbe de que formaba parte.   Los notarios están en el deber de expresar de un modo claro la verdadera intención de los otorgantes.

La nota recurrida se sostiene por los dos motivos a que acabamos de hacer referencia.

En cuanto al segundo motivo fundado en el hecho de no haber concurrido a prestar su consentimiento para los actos contenidos en la escritura las esposas de los otorgantes, no nos parece aceptable.   Ciertamente que el artículo 159 del Código Civil vigente ordena que los bienes de la sociedad conyugal no podrán ser enajenados o gravados, bajo pena de nulidad sino mediante el consentimiento expreso de ambos cónyuges, y el artículo 1328 del mismo código prescribe que el marido no podrá donar, enajenar y obligar a título oneroso los bienes inmuebles de la sociedad de gananciales sin el consentimiento expreso de la mujer.   Pero esos artículos se refieren a bienes inmuebles de la sociedad conyugal o de gananciales y los terrenos de que se trata no son bienes de las sociedades conyugales constituídas por los socios Gandía & Stubbe con sus respectivas consortes, sino de la sociedad mercantil "Gandía & Stubbe."

Por lo que atañe al defecto subsanable que apunta el registrador en su nota opinamos que existe por no haberse justificado en forma auténtica que los terrenos Tras Miramar a que se refiere la escritura sean los mismos que describe el síndico en el escrito presentado al registrador solicitando la inscripción.

Por las razones expuestas es de confirmarse la nota recurrida menos en la parte relativa al segundo de los motivos en ella consignados.

> *Confirmada la nota recurrida menos en la parte relativa al segundo de los motivos en que se funda.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.